IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

LENNY'S INTELLECTUAL PROPERTY, LLC
And LENNY'S FRANCHISOR, LLC

      Plaintiffs,

vs.

                                        Civil Action No. _____

JONATHAN WHITWORTH,
ABIGAIL WHITWORTH, AARON M.
DAVIS, BRITT E. GARRETT, AND
ROCCO'S SUB SHOP, LLC

      Defendants.

## VERIFIED COMPLAINT SEEKING INJUNCTIVE RELIEF AND MONETARY DAMAGES FOR VIOLATIONS OF THE LANHAM ACT § 43, VIOLATIONS OF THE FLORIDA TRADE SECRETS ACT, VIOLATIONS OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT, AND COMMON LAW UNFAIR COMPETITION

Plaintiffs Lenny's Intellectual Property, LLC ("LIP") and Lenny's Franchisor, LLC ("LF") (collectively "Lenny's"), by and through undersigned counsel, come before this Court and bring the following Complaint Seeking Injunctive Relief and Monetary Damages against Defendants, Jonathan Whitworth, Abigail Whitworth, Aaron M. Davis, Britt E. Garrett, and  Rocco's Sub Shop, LLC (Collectively "Defendants"), and respectfully state as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Jonathan Whitworth is, upon information and belief, a Florida resident who may be served at 24 Walter Martin Road, Suite 201, Fort Walton Beach, Florida 32578.  He was a former

- 1 -

employee of a franchisee of LF and is currently involved in some capacity with the other Defendants in the operation of Rocco's Sub Shop.

2.      Abigail Whitworth, upon information and belief, is a manager for Rocco's Sub Shop, LLC with her principal address listed as 24 Walter Martin Road, Suite 201, Fort Walton Beach, Florida 32578 and may be served with process at the same address.

3.      Aaron M. Davis, upon information and belief, is a manager for Rocco's Sub Shop, LLC with his principal address listed as 24 Walter Martin Road, Suite 201, Fort Walton Beach, Florida 32578 and may be served with process at the same address.

4.      Britt E. Garrett, upon information and belief, is a manager for Rocco's Sub Shop, LLC with his principal address listed as 24 Walter Martin Road, Suite 201, Fort Walton Beach, Florida, 32578 and may be served with process at the same address.

5.      Rocco's Sub Shop, LLC is a Florida limited liability company. Rocco's address is 1191-B Eglin Parkway, Shalimar, Florida 32578, and may be served with process through its registered agent, Michael W. Mead, 24 Walter Martin Road, Suite 201, Fort Walton Beach Florida, 32578.

6.      Lenny's Franchisor, LLC is a Tennessee limited liability company that maintains a principal office at 8295 Tournament Drive, Suite 200, Memphis, Tennessee, 38125. Lenny's Intellectual Property, LLC is a Delaware limited liability company that maintains a principal office at 8295 Tournament Drive, Suite 200, Memphis, Tennessee, 38125.

7.      This Court has subject matter jurisdiction over these claims as federal questions pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 1338(a) and (b) and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. The Court also has pendent jurisdiction of the Florida state law claim under 28 U.S.C. § 1338(b). Further, the parties are completely diverse in citizenship and the amount

in controversy is over $75,000, and therefore there is diversity jurisdiction under 28 U.S.C. § 1332.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) and 28 U.S.C. § 1400(a), in that one or more of the defendants may be found in this judicial district through doing business in this judicial district and being subject to personal jurisdiction therein; and a substantial part of the events giving rise to the claim occurred in this judicial district.

**FACTS**

9.      On or about September 15, 2011, it came to the attention of Lenny's that Defendant Rocco's Sub Shop, LLC was offering restaurant services using unauthorized representation of the Lenny's Trade Dress without the approval of Lenny's. Upon information and belief, it was a former employee of LF's franchisee in Florida that has opened and is operating, directly or indirectly, Rocco's Sub Shop. Upon information and belief, the other individual Defendants are     owners, agents, and/or employees of Rocco's Sub Shop. At all times, each Defendant was liable for his/her/its own conduct, as well as the acts and omissions of his/her/its servants, employees, agents, and contractors, including each other Defendant, by virtue of the doctrines of agency, apparent agency, implied agency, employer/employee relations, master/servant relations, loaned servant relations, joint venture, joint and several liability, *respondeat superior*, vicarious liability, and contract.

10.      Defendants have taken advantage of and are utilizing in their own business various and significant aspects of Lenny's Trade Dress, which includes, but is not limited to (the "Lenny's Trade Dress"):

   a.   Lenny's unique restaurant format;

   b.   Lenny's unique counter design, which includes a consistent pattern of equipment,

display casing, counter-space and racking for cookies and bags of chips;

c.  Lenny's unique product offerings;

d.  Lenny's unique operating systems;

e.  Lenny's unique lack of trash cans or trash disposals in the customer dining area; and

f.  Lenny's unique customer service.

11.  Each element of the Lenny's Trade Dress listed above also constitutes Lenny's knowledge, know-how and expertise, which information would never have been available to Defendants.

12.  Defendant Jonathan Whitworth worked for a franchisee of LF from May 15, 2010 to February 24, 2011.

13.  Defendant Jonathan Whitworth has, upon information and belief, shared with other Defendants information he learned while working with LF's franchisee.

14.  Defendants have became privy to Lenny's trade secrets, which include but are not limited to sandwich recipes, Lenny's product specifications, Lenny's ordering systems, Lenny's order-by-number menu, Lenny's proprietary method of employee training and site selection, and the identity of Lenny's vendors and suppliers.

15.  This information is never available to the general public.

16.  Each and every LF franchisee also pays a franchise fee in part for the privilege of using Lenny's Trade Dress and Lenny's trade secrets.  Additionally, each and every Lenny's franchisee pays a monthly royalty fee in part for the privilege of using Lenny's Trade Dress and Lenny's trade secrets.

17.  In the operation of its business, Rocco' Sub Shop is employing both Lenny's Trade

Dress and Lenny's trade secrets.

## FIRST CAUSE OF ACTION - VIOLATION OF LANHAM ACT §43(a)

18.     Lenny's incorporates the allegations of Paragraphs 1 - 17 above and restates them herein.

19.     The Lenny's Trade Dress, as described above, is inherently distinctive and has acquired secondary meaning amongst consumers.

20.     The Lenny's Trade Dress, as described above, is non-functional because no single element of Lenny's Trade Dress is necessary for Lenny's to make its product.

21.     As a whole, Lenny's Trade Dress has become distinctive of Lenny's goods in commerce, and entitles Lenny's to protection under 15 U.S.C. § 1125.

22.     Defendants have and continue to infringe upon the Lenny's Trade Dress by employing each element listed above.

23.     Defendants had actual knowledge of Lenny's Trade Dress and have deliberately and willfully violated 15 U.S.C. § 1125.

24.     Defendants' acts described above also constitute unfair competition in violation of 15 U.S.C. § 1125(a).

25.     Defendants past and continued infringement has resulted in a substantial likelihood of confusion amongst consumers regarding the source of Defendants' goods and/or services.

26.     Lenny's is entitled to injunctive relief, monetary damages, attorneys' fees, costs of this action and Defendants' profits, pursuant to 15 U.S.C. §§ 1116, 1117 and 1125, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION - VIOLATION OF UNIFORM TRADE SECRETS ACT

27.    Lenny's incorporates the allegations of Paragraphs 1 - 26 above and restates them herein.

28.    All information pertaining to Lenny's sandwich recipes, employee training method, site selection method and vendor/supplier information constitutes trade secrets under the Uniform Trade Secrets Act pursuant to Fla. Stat. Ann. § 688.001-688.009, not only because such information includes highly specialized recipes, business know-how and contact information, but also because it is not readily ascertainable to the public by proper means, and thereby possesses great independent economic value.

29.    Lenny's has attempted to maintain the secrecy of this information by protecting it from disclosure to its competitors, and by requiring execution of a franchise agreement before disclosure of the information to any franchisee.

30.    Any attempt by Defendants to either use or disclose Lenny's trade secrets will constitute misappropriation because Lenny's will not consent to the use or disclosure, and Defendants know that they acquired the trade secrets under circumstances giving rise to a duty to maintain its secrecy and limit its use.

31.    Because Defendants are actually using Lenny's trade secrets in violation of Florida law, Lenny's is entitled to injunctive relief prohibiting Defendants from so doing. Fla. Stat. Ann. § 688.003.

32.    Additionally, Lenny's seeks compensatory damages for Defendants' misappropriation of trade secrets.

33.    As demonstrated in the preceding Paragraphs of this Complaint, Defendants'

misappropriation of Lenny's trade secrets was completely knowing and intentional. Therefore, Lenny's is entitled to an award of Lenny's reasonable attorneys' fees and exemplary damages in this matter pursuant to Fla. Stat. Ann. § 688.005.

## THIRD CAUSE OF ACTION –
## VIOLATION OF FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

34.     Lenny's incorporates the allegations of Paragraphs 1 – 33 above and restates them herein.

35.     This claim arises under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. § 501.201, *et seq.* (the "FDUTPA).

36.     Each Defendant has engaged in unfair methods of competition and/or unfair and/or deceptive acts or practices in the conduct of its trade, all in violation of Fla. Stat. Ann. § 501.204.

37.     Defendants are attempting to compete unfairly by copying Lenny's unique trade dress and by trying to capitalize on Lenny's reputation by deliberately offering services in such a manner that consumers are likely to be confused as to the origin of the goods and services. Lenny's invested substantial resources to develop, test, and market its trade dress. Defendants' misappropriation of the Lenny's Trade Dress has deprived Lenny's of sales it otherwise would have made.

38.     Defendants' actions in copying the Lenny's Trade Dress constitutes deceptive acts or practices, unfair acts or practices, and/or unfair methods of competition under Fla. Stat. Ann. § 501.204.

39.     Defendants' acts and practices as alleged herein: (i) offend public policy; (ii) were unethical, oppressive, and/or unscrupulous, and/or (iii) caused the Plaintiffs substantial injury. Accordingly, Defendants' acts and practices are unfair under Fla. Stat. Ann. § 501.204.

40. Defendants' conduct in misappropriating Lenny's trade dress is likely to mislead consumers and/or cause a likelihood of confusion on the part of the public as to the affiliation or origin of the goods and services provided by Defendants. Accordingly, Defendants' acts and practices are deceptive under Fla. Stat. Ann. § 501.204.

41. Pursuant to Fla. Stat. Ann. § 501.211, entry of an injunction to enjoin Defendants from continuing to violate the FDUPTA is appropriate.

**FOURTH CAUSE OF ACTION –
VIOLATION OF COMMON LAW UNFAIR COMPETITION**

42. Lenny's incorporates the allegations of Paragraphs 1 – 41 above and restates them herein.

43. Defendants' acts of providing goods and services in a manner that infringes Lenny's Trade Dress constitutes unfair competition and has resulted in substantial damage to the Plaintiffs' business, reputation, and goodwill in violation of the common law of the State of Florida.

44. Defendants' acts have caused and will continue to cause the likelihood of consumer confusion.

45. Defendants' acts as described above are deliberate and willful.

46. By reason of Defendants' acts, Plaintiffs have and will continue to suffer damages to its business, reputation, and goodwill and loss of sales and profits that the Plaintiffs would have made but for Defendants' acts.

47. Lenny's is entitled to injunctive relief, monetary damages, costs of this action and Defendants' profits in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Lenny's respectfully prays for the following:

1) That, because of the irreparable harm to Lenny's resulting from Defendants' continuing violations of 15 U.S.C. § 1125, Fla. Stat. Ann.§ 688.001 *et seq.*, Fla Stat. Ann. § 501.201, *et seq.*, and their unfair competition, this Honorable Court issue a restraining order, then a temporary injunction, then a permanent injunction, prohibiting Defendants from operating a sandwich restaurant that utilizes Lenny's Trade Dress, trade secrets or know-how, as defined above, in any manner whatsoever, including but not limited to Defendants' operation of Rocco's Sub Shop as currently operated;

2) That this Honorable Court award to Lenny's compensatory damages for Defendants' continuing breach of statutory violations and Florida common law, in an amount to be proved at trial;

3) That this Honorable Court order Defendants to pay all costs of this matter, including Plaintiffs' attorney fees; and

4) Any other relief this Honorable Court deems necessary and proper.

**THIS IS THE FIRST REQUEST FOR AN INJUNCTION OR EXTRAORDINARY RELIEF IN THIS CAUSE.**

Respectfully submitted,


/s/ GEORGE N. MEROS, JR.
GEORGE N. MEROS, JR. (FLA. BAR 023321)
ALLEN C. WINSOR (FLA. BAR 016295)
GrayRobinson, P.A.
301 S. Bronough Street, Suite 600
Tallahassee, Florida  32301
(850) 577-9090

/s/ BLAKE GIBSON
ANTHONY C. PIETRANGELO (PRO HAC VICE PENDING)
BLAKE H. GIBSON IV (PRO HAC VICE PENDING)
Pietrangelo Cook PLC
International Place, Tower II
6410 Poplar Avenue, Suite 190
Memphis, Tennessee 38119
(901) 685-2662

*Attorney for Plaintiff Lenny's Franchisor, LLC*

STATE OF TENNESSEE
COUNTY OF SHELBY

I, Carl Jacobson, have been first duly sworn, make oath that I am the General Counsel and Chief Administrative Officer of Lenny's Franchisor, LLC, and the Vice Manager of Lenny's Intellectual Property, LLC; that I have read the above-styled Complaint and that the statements contained therein are true, except as to those which I aver to be true upon information and belief, and as to those, I believe them to be true.

LENNY'S FRANCHISOR, LLC
LENNY'S INTELLECTUAL PROPERTY, LLC

by Carl Jacobson

Sworn to and subscribed before me, a Notary Public, in and for said state and county this _____ day of November, 2011.

Notary Public

My Commission Expires:

MY COMMISSION EXPIRES 11-7-2012

- 11 -